1  Leigh A. Kirmssé (SBN 161929)
   HOWREY LLP
2  525 Market St., Suite 3600
   San Francisco, CA 94105-2708
3  Telephone : (415) 848-4993
   Facsimile : (415) 848-4999
4  Email: kirmssel@howrey.com
5
   Aaron Myers (SBN 200145)
6  HOWREY LLP
   1299 Pennsylvania Avenue, N.W.
7  Washington, DC 20004
   Tel.: (202) 383-7011
8  Fax: (202) 383-6610
9  Email: myersa@howrey.com
10 Attorneys for Sun Microsystems, Inc.

11

ORIGINAL FILED

JUN 19 2009

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT,
NORTHERN DISTRICT OF CALIFORNIA

E-filing

12             UNITED STATES DISTRICT COURT          SI

13             NORTHERN DISTRICT OF CALIFORNIA

14                  SAN JOSE DIVISION

15                  CV 09        2745

16 SUN MICROSYSTEMS, INC.,          )  Case No. _____
                                    )
17              Plaintiff,          )
                                    )
18      vs.                         )  **COMPLAINT FOR DECLARATORY**
                                    )  **JUDGMENT**
19 GREENBYTES, INC.,                )
                                    )  **DEMAND FOR JURY TRIAL**
20              Defendant.          )
                                    )
21                                  )
                                    )
22                                  )
                                    )
23 _____ )

24

25

26

27

28

COMPLAINT FOR DECLARATORY JUDGMENT; DEMAND FOR JURY TRIAL

## NATURE OF ACTION

1.  This declaratory judgment action arises out of unfounded accusations by defendant GreenBytes, Inc. ("GreenBytes") that plaintiff Sun Microsystems, Inc. ("Sun") wrongfully used and misappropriated GreenBytes' purported trade secrets relating to a de-duplication process allegedly developed by GreenBytes for use with Sun's OpenSolaris® operating system and Sun's ZFS® file management system.

2.  OpenSolaris® and ZFS® are open source software licensed by Sun under its Common Development and Distribution License (CDDL). "Open source" generally describes a type of software license that makes source code available to users and developers. The open source model offers liberties to every user and developer to encourage genuinely collaborative innovation. Open source provides users with the freedom to run the software as they wish, study and modify the source code, make and redistribute copies, and publish modified versions. Open source software can lower customer barriers to access, lower switching costs, and provide greater value achieved in an environment that allows for increased participation and competition. With the traditional closed model, innovation belonged to only to the inventor, who declared the source code proprietary, hid it from public view and prohibited others from building upon it. With Sun's open source model, individuals have access to other developers' source code and advance innovation by building on the contributions of others.

3.  GreenBytes is a start-up company founded in 2007 with so far limited business success. GreenBytes entered into a CDDL with Sun to obtain the ability to access and use the source code to OpenSolaris® and ZFS®. GreenBytes also entered into an original equipment manufacturer ("OEM") agreement and associated non-disclosure agreement ("NDA") that entitles GreenBytes to purchase Sun products from one of Sun's Master Resellers and to incorporate Sun's product into GreenBytes' own OEM product for sale to end-users. GreenBytes claims to have developed proprietary source code for a new de-duplication process for use with the ZFS® file system and has informed Sun that GreenBytes does not intend to make its process open source.

4.  GreenBytes has traded on Sun's name and reputation, announcing in marketing publications that Sun's ZFS® file system is the "world's most advanced file system" and that

COMPLAINT FOR DECLARATORY JUDGMENT; DEMAND FOR JURY TRIAL

1   GreenBytes will "make it better by adding a set of compelling technologies design [sic] to increase

2   storage efficiency."

3       5.      By its own admission, GreenBytes has been trying to entice Sun to acquire GreenBytes

4   or to become an investor in GreenBytes.  In furtherance of those efforts, GreenBytes invited Sun to

5   review GreenBytes' claimed de-duplication process pursuant to the parties' NDA.  When Sun

6   ultimately rejected GreenBytes' overtures, GreenBytes responded by making groundless claims that

7   Sun had misappropriated GreenBytes' de-duplication process.  GreenBytes has threatened to sue Sun

8   unless Sun turns over vast amounts of information relating to Sun's development of its de-duplication

9   process.  Although the OEM agreement and associated NDA requires that any litigation be filed in the

10  appropriate courts in Santa Clara County, California, GreenBytes has threatened to sue Sun in Rhode

11  Island.

12      6.      Sun seeks declaratory judgment that (1) Sun is the rightful owner of Sun's de-

13  deduplication process; (2) Sun has not misappropriated any trade secret of GreenBytes; (3) Sun has not

14  breached its non-disclosure agreement with GreenBytes; (4) Sun has not engaged in any unfair

15  competition with GreenBytes; and (5) Sun has not violated the Computer Fraud and Abuse Act as

16  claimed by GreenBytes.  Sun also seeks to enjoin GreenBytes from interfering with Sun's disclosure of

17  Sun's de-deduplication process to Oracle or other third parties.

18                                          **PARTIES**

19      7.      Plaintiff Sun Microsystems, Inc. is a corporation duly organized and existing under the

20  laws of the State of Delaware, with its principal place of business in Santa Clara, California.  Sun

21  develops, markets and sells network computing infrastructure solutions including computer systems,

22  software, storage and services.  Sun's network computing infrastructure solutions are used in a wide

23  range of industries including technical/scientific, business, engineering, telecommunications, financial

24  services, manufacturing, retail, government, life sciences, media and entertainment, transportation,

25  energy/utilities and healthcare.

26      8.      Upon information and belief, defendant GreenBytes is a corporation duly organized and

27  existing under the laws of the State of Delaware, with its principal place of business in Ashaway,

28  Rhode Island.

1

## JURISDICTION AND VENUE

2    9.    This Court has subject matter jurisdiction pursuant 28 U.S.C. §§ 1331, 1332, 1338(a),

3  1338(b), 1367, 2201 and 2202, and/or the doctrine of pendent jurisdiction.

4    10.    On information and belief, this Court has personal jurisdiction over GreenBytes because

5  GreenBytes advertises goods or services throughout the United States, including in California; has

6  regularly conducted business in and directed to California, including, *inter alia*, business pertaining to

7  the de-duplication technology that GreenBytes claims to have developed and disclosed to Sun; and has

8  engaged in various other acts in and directed to California.

9    11.    Venue is proper in this district and in the San Jose Division because pursuant to the

10  OEM agreement and associated NDA between GreenBytes and Sun the venue for litigation of any

11  disputes will be the appropriate courts located in Santa Clara County, California.

12

## GENERAL ALLEGATIONS

13

### Sun's ZFS® File System

14    12.    ZFS® – the Zettabyte File System – is a file system that Sun designed for its Solaris®

15  operating system.  Sun introduced ZFS® on September 14, 2004, and has continued to introduce new

16  features.  ZFS® is an enormous advance in capability over prior file systems.  It provides immense

17  scalability, greater space for files and hugely improved administration, reliability and data security.

18    13.    ZFS® presents a pooled storage model that completely eliminates the concept of

19  volumes and the associated problems of partitions, provisioning, wasted bandwidth and stranded

20  storage.  Thousands of file systems can draw from a common storage pool, each one consuming only

21  as much space as it actually needs.  The combined I/O (input-output) bandwidth of all devices in the

22  pool is available to all file systems at all times.

23    14.    ZFS® can handle 256 quadrillion (256 thousand million million) ($10^{15}$) zettabyes of

24  storage.  For reference, a zettabyte is one million petabytes, and 2 petabytes can store the entire

25  contents of all academic libraries in the United States.  Thus, ZFS® can handle storage of the entire

26  contents of all academic libraries in the United States more than 128 million quadrillion ($10^{21}$) times

27  over.

28

---

COMPLAINT FOR DECLARATORY JUDGMENT; DEMAND FOR JURY TRIAL

15.     As GreenBytes stated in a publication in February 2008, "a brilliant, focused team at Sun Microsystems" developed "the ground breaking" ZFS®, "arguably the world's most advanced file system," which "brought new thinking to the world of data management."

16.     GreenBytes was not alone in its assessment of Sun as the industry leader for file system technology. InfoWorld awarded its "2008 Technology of the Year Award" for "Best File System" to Sun for the ZFS® file system. Fast Company named Sun one of "The World's Most Innovative Companies" in 2008 for its "Relentless Innovation" and its "mad scientist approach to energy efficiency" in data storage. Fortune Magazine ranked Sun number 6 among its "World's Most Admired Companies" within the Computers category and number 2 in Innovation within the Computers category.

### Sun's De-duplication Process for ZFS®

17.     Data de-duplication refers to the ability of data storage appliances to reduce storage needs by eliminating redundant data. Generally speaking, de-duplication can be done in real time ("synchronous") or after the fact ("asynchronous"). Synchronous de-duplication involves identifying identical sets of data at the time they are sent for storage so that duplicates are not stored to the system, while asynchronous de-duplication involves identifying and eliminating duplicate sets of data after the data has been stored.

18.     Sun designed a synchronous de-duplication process for its ZFS® file system through its own internal research and development efforts. Sun had essentially completed the architecture for its de-duplication process by January 2008.

### Sun's Relationship with GreenBytes

19.     In or about early 2008, GreenBytes approached Sun about becoming an OEM reseller and expressed interest in attracting Sun as an investor and/or being acquired by Sun.

20.     GreenBytes executed Sun's standard form indirect OEM agreement and associated NDA on January 15, 2008, and Sun executed the OEM agreement and NDA on February 18, 2008. The OEM agreement entitles GreenBytes to purchase Sun products from one of Sun's Master Resellers and to incorporate Sun's product into GreenBytes' own OEM product for sale to end-users. Paragraph 2 of the OEM agreement obligates the parties to maintain the confidentiality of the other party's

1  confidential information.  Paragraph 2.1 of the associated NDA reiterates those obligations.  The OEM

2  agreement states that the venue for litigation of any disputes will be the appropriate courts located in

3  Santa Clara County, California, and that all disputes will be governed by California law.  A true and

4  correct copy of the OEM agreement and NDA is attached hereto as Exhibit 1.

5        21.     In or about September 2008, GreenBytes asked to meet with Sun to demonstrate

6  GreenBytes' de-duplication technology.  Sun already had already completed architecture-level

7  development of its own de-duplication technology for its ZFS® file system.  Nonetheless, Sun agreed

8  to meet with GreenBytes because Sun understood that GreenBytes was interested in attracting Sun as

9  an investor and/or being acquired by Sun.

10        22.     Later in September 2008, a Sun employee visited GreenBytes' office in Ashaway,

11  Rhode Island, and subsequently in the same month, GreenBytes' employees visited Sun's office in

12  Menlo Park, California.  The purpose of these meetings was for GreenBytes to demonstrate its claimed

13  de-duplication process to Sun and to evaluate potential business opportunities between the parties.

14        23.     Sun had its own de-duplication architecture figured out long before it met with

15  GreenBytes.  Sun was not interested in GreenBytes' source code as it did not solve any of the difficult

16  problems relating to the design or implementation of a de-duplication solution for ZFS®.  The parties

17  had no further conversations about GreenBytes' de-duplication technology until GreenBytes sent the

18  threatening letter that gave rise to this action.

19                          **GreenBytes' Accusations and Threats**

20        24.     On May 21, 2009, counsel for GreenBytes, Jeffrey K. Techentin of Alder, Pollock &

21  Sheehan P.C., wrote a letter to Sun in which he accused Sun of making improper use of GreenBytes'

22  confidential information, including information relating to GreenBytes' claimed development of a

23  method of de-duplication of data for use in conjunction with Sun's ZFS® file system, in alleged

24  violation of the parties' NDA.  A true and correct copy of Mr. Techentin's letter ("the May 21 letter")

25  is attached hereto as Exhibit 2.

26        25.     Among other things, the May 21 letter asserted that:

27

28

COMPLAINT FOR DECLARATORY JUDGMENT; DEMAND FOR JURY TRIAL

1        a.     In September 2008, GreenBytes disclosed confidential information relating to its

2 claimed development of a method of de-duplication of data for use in conjunction with Sun's ZFS®

3 file system;

4        b.     "The [confidential] [i]nformation pertaining to GreenBytes' de-duplication

5 process represented literally years of development work as is, and was at the time of the disclosure,

6 subject to a pending patent application;"

7        c.     GreenBytes "recently learned of a representation by a [Sun employee] that Sun

8 has 'prototyped' a de-duplication process for ZFS that was described as resembling the process

9 explained to Sun by GreenBytes under the NDA;'"

10        d.     "It would have been nearly impossible for [Sun's] team" to develop the de-

11 duplication process described in the alleged representation quoted in the preceding sentence "without

12 inappropriately relying on [confidential] [i]nformation from GreenBytes;"

13        e.     "It appears unlikely . . . that Sun's development of a prototype process for ZFS

14 by December 2008 was done without improper use of [confidential] [i]nformation from GreenBytes;"

15        f.     "Sun's development of infringing code for ZFS, which presumably will be (1)

16 communicated to Oracle Corporation in the context of its pending acquisition of Sun, and (2) built into

17 a public-domain OpenSolaris release, would represent a serious breach of the confidential relationship

18 between GreenBytes and Sun."

19    26.     The May 21 letter demanded that Sun provide extensive confidential and proprietary

20 information to GreenBytes relating to Sun's development of its de-duplication process for ZFS®,

21 including all source code, design documents, a list of personnel involved and a written description of

22 the facts and circumstances under which Sun developed its process.  In addition, the May 21 letter

23 stated that GreenBytes' counsel "underst[ood] that [Sun employees were] scheduled to give the

24 keynote address at the Kernel Conference Australia 2009 on the subject of 'Deduplication in ZFS,'" and

25 demanded that Sun provide to GreenBytes "[a]ll materials prepared in connection with the

26 'Deduplication in ZFS' address to be presented to Kernel Conference Australia 2009."

27    27.     On June 1, 2009, Sun sent a letter to GreenBytes' counsel Mr. Techentin stating that

28 Sun had conducted an investigation of GreenBytes' allegations and had determined them to be without

COMPLAINT FOR DECLARATORY JUDGMENT; DEMAND FOR JURY TRIAL

1   merit. Specifically, Sun informed GreenBytes that Sun's architectural designs for the source code for

2   its de-duplication process predated the February 2008 meeting between Sun and GreenBytes. A true

3   and correct copy of the June 1 letter is attached hereto as Exhibit 3.

4         28.     On June 16, 2009, Mr. Techentin sent a letter to Sun rejecting the representations made

5   by Sun in the June 1 letter, reiterating GreenBytes' accusations against Sun, and threatening to file a

6   complaint for "Sun's apparent misuse of confidential information." Mr. Techentin also threatened to

7   seek an injunction barring Sun from disclosing its de-duplication process at the Kernel Conference in

8   Brisbane, Australia in July 2009, discussing it with Oracle or other third parties, or distributing the

9   source code. Mr. Techentin enclosed a draft complaint that he threatened to file in Rhode Island—

10   notwithstanding that the parties' OEM agreement, NDA and CDDL provide that the venue for

11   litigation of any disputes will be the appropriate courts located in Santa Clara County, California. A

12   true and correct copy of Mr. Techentin's June 16 letter and enclosure is attached hereto as Exhibit 4.

13                                 **First Cause of Action**

14                        **Declaratory Judgment That Sun Owns**

15                           **Sun's De-Duplication Process**

16         29.     Sun reasserts and incorporates by reference the allegations set forth in Paragraphs 1-28

17   above.

18         30.     GreenBytes has accused Sun of misappropriating GreenBytes' purportedly confidential,

19   proprietary and/or trade secret information relating to GreenBytes' claimed de-duplication process and

20   of using that information to develop Sun's de-duplication process. GreenBytes has threatened to sue

21   Sun and to seek damages and an injunction against Sun's disclosure of Sun's de-duplication process to

22   Oracle or other third parties.

23         31.     Contrary to GreenBytes' accusations, Sun has not used any confidential, proprietary

24   and/or trade secret information of GreenBytes in the development of Sun's de-duplication process.

25         32.     An actual and justiciable controversy now exists between Sun and GreenBytes with

26   respect to the ownership of Sun's de-duplication process and GreenBytes' accusation that Sun's

27   process is based on GreenBytes' trade secrets.

28

33.     Sun desires a judicial determination of the rights to and ownership of Sun's de-duplication process. Sun seeks a declaration that it is the rightful owner of that process and that GreenBytes has no trade secret or intellectual property right to that process.

**Second Cause of Action**

**Declaratory Judgment That Sun Has Not Misappropriated**

**GreenBytes' Claimed Trade Secrets**

34.     Sun reasserts and incorporates by reference the allegations set forth in Paragraphs 1-33 above.

35.     GreenBytes has accused Sun of misappropriating GreenBytes' purportedly confidential, proprietary and/or trade secret information relating to GreenBytes' claimed de-duplication process. GreenBytes has threatened to sue Sun and to seek damages and an injunction against Sun's disclosure of Sun's de-duplication process to Oracle or other third parties.

36.     Contrary to GreenBytes' accusations, Sun has not misappropriated any confidential, proprietary or trade secret information of GreenBytes.

37.     An actual and justiciable controversy now exists between Sun and GreenBytes with respect to GreenBytes' accusation that Sun has misappropriated GreenBytes' purportedly confidential, proprietary and/or trade secret information relating to GreenBytes' claimed de-duplication process.

38.     Sun desires a judicial determination of GreenBytes' accusation that Sun has misappropriated GreenBytes' purportedly confidential, proprietary and/or trade secret information. Sun seeks a declaration that Sun has not misappropriated any confidential, proprietary or trade secret information of GreenBytes.

**Third Cause of Action**

**Declaratory Judgment That Sun Has Not Breached**

**Its Non-Disclosure Agreement With GreenBytes**

39.     Sun reasserts and incorporates by reference the allegations set forth in Paragraphs 1-38 above.

40.     GreenBytes has accused Sun of breaching the non-disclosure agreement between them (the "NDA") based on GreenBytes' contention that Sun has misappropriated GreenBytes' purportedly

COMPLAINT FOR DECLARATORY JUDGMENT; DEMAND FOR JURY TRIAL

1   confidential, proprietary and/or trade secret information relating to GreenBytes' claimed de-

2   duplication process.  GreenBytes has threatened to sue Sun and to seek damages and an injunction

3   against Sun's disclosure of Sun's de-duplication process to Oracle or other third parties.

4        41.     Contrary to GreenBytes' accusations, Sun has not breached the NDA.

5        42.     An actual and justiciable controversy now exists between Sun and GreenBytes with

6   respect to GreenBytes' accusation that Sun has breached the NDA.

7        43.     Sun desires a judicial determination of GreenBytes' accusation that Sun has breached

8   the NDA.  Sun seeks a declaration that it has not breached the NDA.

9   **Fourth Cause of Action**

10  **Declaratory Judgment That Sun Has Not Engaged**

11  **In Unfair Competition**

12       44.     Sun reasserts and incorporates by reference the allegations set forth in Paragraphs 1-43

13  above.

14       45.     GreenBytes has accused Sun of engaging in unfair competition based on GreenBytes'

15  contention that Sun has misappropriated GreenBytes' purportedly confidential, proprietary and/or trade

16  secret information relating to GreenBytes' claimed de-duplication process.  GreenBytes has threatened

17  to sue Sun and to seek damages and an injunction against Sun's disclosure of Sun's de-duplication

18  process to Oracle or other third parties.

19       46.     Contrary to GreenBytes' accusations, Sun has not engaged in unfair competition with

20  GreenBytes.

21       47.     An actual and justiciable controversy now exists between Sun and GreenBytes with

22  respect to GreenBytes' accusation that Sun has engaged in unfair competition.

23       48.     Sun desires a judicial determination of GreenBytes' accusation that Sun has engaged in

24  unfair competition.  Sun seeks a declaration that it has not engaged in unfair competition.

25

26

27

28

COMPLAINT FOR DECLARATORY JUDGMENT; DEMAND FOR JURY TRIAL

1

**Fifth Cause of Action**

2

**Declaratory Judgment That Sun Has Not Violated**

3

**The Computer Fraud And Abuse Act (18 U.S.C. § 1030)**

4     49.     Sun reasserts and incorporates by reference the allegations set forth in Paragraphs 1-48

5 above.

6     50.     GreenBytes has accused Sun of violating the Computer Fraud And Abuse Act (18

7 U.S.C. § 1030) (the "CFAA") based on GreenBytes' contention that Sun has misappropriated

8 GreenBytes' purportedly confidential, proprietary and/or trade secret information relating to

9 GreenBytes' claimed de-duplication process.  GreenBytes has threatened to sue Sun and to seek

10 damages and an injunction against Sun's disclosure of Sun's de-duplication process to Oracle or other

11 third parties.

12     51.     Contrary to GreenBytes' threats and accusations, Sun has not violated the CFAA.

13     52.     An actual and justiciable controversy now exists between Sun and GreenBytes with

14 respect to GreenBytes' contention that Sun has violated the CFAA.

15     53.     Sun desires a judicial determination of GreenBytes' contention that Sun has violated the

16 CFAA.  Sun seeks a declaration that it has not violated the CFAA.

17

**PRAYER FOR RELIEF**

18     WHEREFORE, Sun respectfully requests the Court:

19     a.     Enter a declaratory judgment in its favor and against defendant GreenBytes, declaring

20 that:

21          (i)     Sun is the rightful owner of its de-duplication process and GreenBytes has no

22 trade secret or intellectual property right in Sun's de-duplication process;

23          (ii)     Sun has not misappropriated any confidential, proprietary or trade secret

24 information of GreenBytes;

25          (iii)     Sun has not breached its non-disclosure agreement with GreenBytes;

26          (iv)     Sun has not engaged in any unfair competition relating to the disclosure or use

27 of any confidential, proprietary or trade secret information of GreenBytes; and,

28

COMPLAINT FOR DECLARATORY JUDGMENT; DEMAND FOR JURY TRIAL

1            (v)     Sun has not violated the Computer Fraud and Abuse Act in connection with any

2 alleged access to or use of any confidential, proprietary or trade secret information of GreenBytes;

3          b.     Enter an injunction restraining GreenBytes, it agents, licensees, employees, successors

4 and assigns from interfering with Sun's disclosure of Sun's de-duplication process, including without

5 limitation at the Kernel Conference in July 2009, or to Oracle or other third parties;

6          c.     Award Sun its reasonable costs, expenses and attorneys' fees incurred by herein; and,

7          d.     Order such other and further relief as the Court may deem just and proper.

8                          Respectfully submitted,

9 Dated:  June 19, 2009               HOWREY LLP

10

11                          By: _____

                               Leigh A. Kirmsse

12                                Attorneys for Plaintiff

                               SUN MICROSYSTEMS, INC.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT FOR DECLARATORY JUDGMENT; DEMAND FOR JURY TRIAL

**DEMAND FOR JURY TRIAL**

Sun hereby requests a jury trial on all issues so triable.

Dated:  June 19, 2009

HOWREY LLP

By:
Leigh A. Kirmssé
Attorneys for Plaintiff
SUN MICROSYSTEMS, INC.

COMPLAINT FOR DECLARATORY JUDGMENT; DEMAND FOR JURY TRIAL